IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PAMELA CRAWFORD,**

    Plaintiff,

 vs.             Civil Action 2:13-CV-906
                  Judge Marbley
                  Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

### REPORT AND RECOMMENDATION

This is an action instituted under the provisions of 42 U.S.C. §405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's application for supplemental security income. This matter is now before the Court on plaintiff's *Statement of Errors*, Doc. No. 15, the Commissioner's *Memorandum in Opposition*, Doc. No. 21, and plaintiff's *Reply*, Doc. No. 24.

Plaintiff Pamela Crawford filed her application for benefits in 2010, alleging that she has been disabled since December 1, 2003, as a result of a variety of physical and mental impairments. *PAGEID* 250. The application was denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

A hearing was held on May 11, 2012, at which plaintiff, represented by counsel, appeared and testified, as did George W. Coleman III, who testified as a vocational expert. In a decision dated June 15, 2012, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act. *PAGEID* 55-72. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on July 11, 2013. *PAGEID* 45-49.

I

Pursuant to 42 U.S.C. §405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Halter,* 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Secretary of Health & Human Servs*., 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *See Brainard v. Secretary of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth v. Comm'r Soc. Sec.,* 402 F.3d 591, 595 (6th Cir. 2005).

Because the Court concludes that the administrative law judge erred in his evaluation of the opinions of plaintiff's treating pain specialist, Kort Gronbach, M.D., the Court will recount only the evidence relating to those opinions.

**II**

At the administrative hearing, plaintiff complained of neck and knee pain, *PAGEID* 95-97, and pain and numbness in her hands, *PAGEID* 93-94. She suffers constant back pain. *PAGEID* 91.

Plaintiff underwent a lumbar decompression at L5-S1 in 2003, *PAGEID* 1166, and a right ACL reconstruction in 2008, *PAGEID* 647-49. In January 2010, Rajesh Kataria, D.O., a rheumatologist, diagnosed polyarthralgias with low back pain and a positive HLA-627 marker, which "represent[s] a spondyloarthropathy," left knee prepatellar bursitis and enthesophytes. *PAGEID* 424-25. Dr. Kataria prescribed medication and, in March 2010, prescribed a cane. *PAGEID* 422. A July 2010 MRI of plaintiff's lumbar spine evidenced central disc extrusion at L3-4, spinal stenosis at L4-5 secondary to disc bulging, paracentral disc protrusion at L5-S1 and degenerative changes involving the facet joints. *PAGEID* 445. A September 2010 CT of the lumbar spine showed marked lumbar spondylosis and disc herniation at L5-S1. *PAGEID* 435. A July 2011 MRI of the lumbar spine evidenced degenerative disc disease and joint disease with canal encroachment at the L2-3 through L4-5 levels. *PAGEID* 1146-47. In October 2011, plaintiff underwent an interbody fusion of L5-S1. *PAGEID* 1164.

Plaintiff has been treated by Dr. Gronbach since July 2008. *PAGEID* 588-619. In June 2011, Dr. Gronbach diagnosed failed back surgery in 2003, lumbar degenerative disc disease and lumbar radiculopathies. *PAGEID* 1192-93. Treatment included narcotic pain medication and epidural injections. *PAGEID* 1188. According to Dr. Gronbach, plaintiff can stand/walk for about one hour in an eight-hour workday, can frequently lift/carry 5 pounds and occasionally lift/carry up to 10 pounds. *PAGEID* 1193. In his opinion, plaintiff is "unemployable." *Id.* In April 2012, Dr.

Gronbach summarized plaintiff's symptoms as chronic back pain and left leg pain radiating to the foot, poor strength, poor ability to walk and permanent numbness in the left foot; he characterized plaintiff's prognosis as poor and protracted.  *PAGEID* 1188-91. According to Dr. Gronbach, plaintiff cannot walk a city block, cannot lift any weight, cannot sit for longer than 15 minutes at a time and cannot stand for longer than 10 minutes at a time. She can stand/walk and sit for a total of less than 2 hours in an eight-hour workday.  She would require a job that permitted a change of position at will and unscheduled breaks.  *PAGEID* 1189. She would be absent from work more than four times per month because of her impairments. *PAGEID* 1191.

III

The administrative law judge found that plaintiff's severe impairments consist of status post lumbar spine fusion and status post remote lumbar spine laminectomy, degenerative changes of the lumbar spine, ankylosing spondylitis, status post right ACL repair, bilateral carpal tunnel syndrome, history of lateral epicondylitis, obesity and major depressive disorder.  *PAGEID* 60.

The administrative law judge also found that, from a physical standpoint, plaintiff's severe impairments leave her with the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and walk four hours in an eight-hour workday; sit for six hours in an eight-hour workday; and occasionally climb stairs and ramps, stoop, crouch, kneel and crawl. She can frequently balance and frequently feel with her hands. She can frequently be exposed to extremes

of cold, vibration, and hazards (such as heights and dangerous machinery). *PAGEID* 64.

The administrative law judge stated that he made these findings after considering "all medical opinions." *PAGEID* 65. His only mention of Dr. Gronbach consists of the following:

> The opinions offered by Dr. Gronbach are assigned little weight. The opinions are not consistent with the objective medical evidence, nor are the opinions consistent with the claimant's own activities of daily living. Specifically, Dr. Gronbach concluded that the claimant could only sit for less than two hours in an eight-hour workday and stand/walk for less than two hours in an eight-hour workday. This means the claimant would need to lie down for a considerable portion of the day, which is not entirely credible given she has a one-year old daughter and testified that she take care of this daughter, shops, cooks, and cleans.

*PAGEID* 66. In her *Statement of Errors*, plaintiff contends, *inter alia*, that the administrative law judge failed to properly evaluate Dr. Gronbach's opinions. This Court agrees.

**IV**

The opinions of a treating physician must be accorded controlling weight if they are well-supported by medically acceptable clinical and laboratory diagnostic techniques, and are not inconsistent with other substantial evidence in the record. *Gayheart v. Comm'r of Soc. Sec.,* 710 F.3d 365, 376 (6th Cir. 2013); *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 242 (6th Cir. 2007); 20 C.F.R. § 416.927(d)(2). Even where the administrative law judge declines to accord controlling weight to the opinion of a treating physician, the administrative law judge "must still determine how much weight is appropriate. . . ." *Blakley v. Commissioner of Social Security,* 581 F.3d 399, 406 (6th Cir. 2009). In weighing the opinions of a treating physicians, an administrative law judge must

consider such factors as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the opinion's supportability by evidence, and its consistency with the record as a whole. 20 C.F.R. § 416.927(d)(2)-(6); *Wilson v. Commissioner of Social Security,* 378 F.3d 541, 544 (6th Cir. 2004). Although "[e]xhaustive factor-by-factor analysis not required," *Francis v. Commissioner Social Sec. Admin.*, 414 Fed. Appx. 802, 804-05, 2011 WL 915719 (6th Cir. March 16, 2011), an administrative law judge must nevertheless provide "good reasons" for discounting the opinions of a treating physician, *i.e.,* reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Gayheart*, at 376; *Rogers*, at 242, citing Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5.

In the case presently before the Court, the administrative law judge did not even identify Dr. Gronbach as plaintiff's treating medical provider. Although the administrative law judge articulated the weight accorded to Dr. Gronbach's opinions ("little weight," *PAGEID* 66) and stated that those opinions were inconsistent with the objective medical evidence, he offered no explanation of that finding. Moreover, nowhere did the administrative law judge consider the factors outlined in 20 C.F.R. § 416.927(d)(2)-(6).

Although the Court recognizes that there is evidence in the record that might support the administrative law judge's conclusion of non-disability, the Court cannot affirm that conclusion where, as here, the administrative law judge failed to properly evaluate the opinions of disability articulated by plaintiff's treating pain specialist.

It is therefore **RECOMMENDED** that the decision of the Commissioner be reversed and that the action be remanded pursuant to Sentence 4 of 42 U.S.C. § 405(g) for further consideration of the opinions of plaintiff's treating pain specialist, Dr. Gronbach.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: July 16, 2014                                    *s/Norah McCann King*
                                                   Norah McCann King
                                                   United States Magistrate Judge