IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAMELA CRAWFORD, | : | |
| | : | Case No. 2:13-cv-906 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge King |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

## OPINION & ORDER

This matter is before the Court on Defendant's Objections (Doc. 27) to the Magistrate Judge's July 16, 2014 **Report and Recommendation** (Doc. 25), recommending that the decision of the Commissioner be reversed and that the action be remanded for further consideration of Plaintiff's treating specialist. Upon independent review by the Court, and for the reasons set forth below, the Court **OVERRULES** Defendant's Objections, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **REMANDS** the case to the administrative law judge.

## I. BACKGROUND

Plaintiff brings the action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security, denying her application for supplemental security income under the Social Security Act. Plaintiff alleges that she has been disabled since December 1, 2003, as a result of a variety of physical and mental impairments. Plaintiff has been treated by her treating pain specialist, Dr. Gronbach since July 2008, and in 2011 Dr. Gronbach determined Plaintiff underwent failed back surgery in 2003. In April 2012, he characterized Plaintiff's prognosis as poor and protracted, resulting from chronic back pain, left leg pain, poor strength, poor ability to walk, and permanent numbness in her left foot. The relevant medical evidence,

1

including Dr. Gronbach's observations and opinions, are included in the Magistrate Judge's Report and Recommendation.  (*See* Doc. 25 at 3–4).

Plaintiff filed her application for benefits in 2010.  After her application was denied initially and again upon reconsideration, Plaintiff requested a *de novo* hearing before an administrative law judge ("ALJ").  The ALJ held a hearing on May 11, 2012, at which Plaintiff, represented by counsel, appeared and testified.  A vocational expert also appeared and testified.  On June 15, 2012, the ALJ issued a decision concluding that Plaintiff was not disabled within the meaning of the Social Security Act.  On July 11, 2013, the Appeals Council denied Plaintiff's request for review, and adopted the ALJ's decision as the Commissioner's final decision.

In her Statement of Errors, Plaintiff contends that the ALJ failed properly to evaluate the opinions of Dr. Gronbach.  The Magistrate Judge agreed in her Report and Recommendation.  The Magistrate Judge found that the ALJ did not identify Dr. Gronbach as plaintiff's treating medical provider, and did not provide "good reason" for discounting his opinions, and thus recommended the ALJ's decision be reversed and remanded for further consideration of Dr. Gronbach's opinions.

## II.     STANDARD OF REVIEW

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence."  42 U.S.C. § 405(g).  This Court, upon timely objection being raised, is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  This review requires the Court to re-examine all the relevant evidence previously reviewed by the Magistrate, to determine whether the findings of the Commissioner are supported by "substantial evidence."  *Lashley v. Sec'y of*

2

*Health & Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983); *Gibson v. Sec'y of Health, Educ. & Welfare*, 678 F.2d 653, 654 (6th Cir. 1982).

This Court's review "is limited to determining whether the Commissioner's decisions 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978); *Ellis*, 739 F.2d at 248; *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981); *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365 (6th Cir.1984); *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). The findings of the Commissioner of Social Security and proceedings on claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Buxton v. Halter, Comm'r of Soc. Sec.*, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981).

### III.  ANALYSIS

The issue before the Court is whether the ALJ properly evaluated the opinions of Plaintiff's treating pain specialist, Dr. Kort Gronbach. Defendant challenges the Magistrate Judge's determination that the ALJ failed properly to consider Dr. Gronbach's opinions. The Report and Recommendation concluded that the ALJ "did not even identify Dr. Gronbach as

3

plaintiff's treating medical provider," nor offer any explanation for his determination that Dr. Gronbach's "opinions were inconsistent with the objective medical evidence." The Magistrate Judge therefore recommended that the case be remanded to the ALJ to further consider Dr. Gronbach's opinions.

Under the treating source regulations, the Commissioner generally gives "more weight to opinions from [the claimant's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s)." 20 C.F.R. § 404.1527(c)(2). The Commissioner will give the opinion of a treating physician controlling weight, if the opinion is well-supported and not inconsistent with the other substantial evidence. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007); *id.* If the ALJ declines to accord controlling weight to a treating physician's opinion, the ALJ "must still determine how much weight is appropriate. . . ." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). When the opinion of the treating physician is not given controlling weight, factors such as the length of the treatment relationship, nature and extent of the treatment relationship, and the supportability of the physician's opinion will be considered in determining how much weight to afford the opinion. 20 C.F.R. § 404.1527(c)(2).

The regulations also require the ALJ to give "good reasons in our notice of determination or decision for the weight . . . give[n] [the] treating source's opinion." 20 C.F.R. § 404.1527(c)(2); *see also* Social Security Ruling 96–5p, 1996 WL 374183 (July 2, 1996) (requiring the ALJ to provide an explanation of "the consideration given to the treating source's opinion(s)" on issues reserved to the Commissioner). An "exhaustive factor-by-factor analysis," however, is not required. *Francis v. Comm'r Soc. Sec. Admin.*, 414 F. App'x 802, 804 (6th Cir.

4

Mar. 16, 2011). "'The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases,' particularly in situations where a claimant knows that his physician has deemed him disabled and therefore 'might be especially bewildered when told by'" an ALJ that the claimant is not disabled. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)).

Here, the ALJ explained his reasoning for discounting Dr. Gronbach's opinions as follows:

> The opinions offered by Dr. Gronbach are assigned little weight. The opinions are not consistent with the objective medical evidence, nor are the opinions consistent with the claimant's own activities of daily living. Specifically, Dr. Gronbach concluded that the claimant could only sit for less than two hours in an eight-hour workday and stand/walk for less than two hours in an eight-hour workday. This means the claimant would need to lie down for a considerable portion of the day, which is not entirely credible given that she has a one-year old daughter and testified that she takes care of this daughter, shops, cooks, and cleans.

(Doc. 10-2 at 66). As the Magistrate Judge acknowledged, the ALJ did not identify Dr. Gronbach as Plaintiff's treating medical provider. (*Id.* at 6). Further, although the ALJ gave specific reasons showing that Dr. Gronbach's opinions were inconsistent with Plaintiff's daily activities, he failed to offer an explanation for his conclusion that the opinions were inconsistent with the objective medical evidence. As the Magistrate Judge explained, when the ALJ discounts the opinion of a treating physician, he must give good reason, and his reasoning must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." (Doc. 25 at 5–6*); see also Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 550 (6th Cir. 2011). Stressing the importance of the good-reason requirement, the Sixth Circuit has explained that "[t]he requirement ensures that the ALJ applies the treating physician rule and permits meaningful

5

review of the ALJ's application of the rule." *Germany-Johnson v. Comm'r of Soc. Sec.*, 313 F. App'x 771, 777 (6th Cir. 2008) (citing *Halloran v. Barnhart*, 362 F.3d 28, 32–33 (2d Cir. 2004)).

In its Objections to the Magistrate Judge's Report and Recommendations, Defendant contends that further consideration of Dr. Gronbach's opinions is unnecessary because the ALJ sufficiently analyzed all medical evidence in other parts of the opinion, and thus showed that Dr. Gronbach's opinions should be given "little weight." (Doc. 27 at 1). Citing *Prince v. Astrue*, 2011 WL 1124986, at *5 (S.D. Ohio Mar. 25, 2011), Defendant contends that although the ALJ did not analyze the medical evidence in the same paragraph as his analysis of Dr. Gronbach's opinion, it is not necessary to analyze the evidence in a particular section of the decision to show his decision was supported by the evidence. (*Id.* at 2–3).

Defendant's reliance on *Prince* is misplaced. In *Prince*, this Court adopted a Magistrate Judge's recommendation, finding that an ALJ properly declined to accord a treating doctor's opinion controlling weight. *Prince*, 2011 WL 1124986 at *13–16. In addressing the plaintiff's arguments that the ALJ failed to address the factors in 20 C.F.R. § 404.1527(c)(2), the Court explained that the ALJ does not need expressly to consider each factor in his decision, in a particular section of the opinion. *Id.* at *13. In *Prince*, however, not only did the ALJ acknowledge that the doctor was the plaintiff's treating physician, but the ALJ also gave specific reasons in rejecting the doctor's opinions in favor of other medical opinions. *Id.* at *10, *13–16. Thus, although this Court concluded that an ALJ need not explicitly analyze each factor in a particular section of an opinion, detailing the weight given to each factor, the Court found the ALJ gave specific reasoning for declining to accord the doctor's opinion controlling weight. *Id.*

Acknowledging the importance of the good-reason requirement, this Court agrees with the Magistrate Judge's finding that the ALJ failed to evaluate properly Dr. Gronbach's opinions.

6

Although the ALJ's opinion reviewed evidence from eleven healthcare providers and testimony from Plaintiff that could support the ALJ's determination of non-disability, the ALJ's failure to give specific good reason for not crediting Dr. Gronbach's opinion "does not constitute harmless error." *Wilson*, 378 F.3d at 546.  Defendant's contentions that the ALJ gave sufficient reasoning for according Dr. Gronbach's opinions "little weight" by analyzing the objective medical evidence in other parts of his opinion are unavailing.  Unlike in *Prince*, in the case *sub judice* the ALJ failed to consider the factors outlined in 20 C.F.R. §§ 404.1527(c)(2) at any point in his determination that Dr. Gronbach's opinions receive "little weight." The ALJ also failed to identify Dr. Gronbach as Plaintiff's medical provider.  Further, the remainder of the opinion gives no indication of how Dr. Gronbach's opinions conflict with the objective medical evidence.  *Cf. Prince*, 2011 WL 1124986 at *11–15 (citing the ALJ's specific statements that the treating doctor's opinions conflict with evidence on the record, state psychologists' opinions, and his own treatment notes).

Where, as here, an ALJ fails to provide "good reasons" for discounting the opinions of a treating physician, the Court cannot affirm the finding of non-disability.  Accordingly, this case must be **REMANDED**.

## IV.    CONCLUSION

For these reasons, Defendant's Objections are hereby **OVERRULED**. The Court adopts the Magistrate Judge's **Report and Recommendation**.  The action is hereby **REMANDED** to the administrative law judge for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

                                          /s/ Algenon L. Marbley  
                                         **ALGENON L. MARBLEY**  
**DATED:  September 4, 2014**         **UNITED STATES DISTRICT JUDGE**